IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KENNETH MILLER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-1549 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**MEMORANDUM**

YOUNGE, J.                                                                          APRIL 10, 2026

Brian Kenneth Miller filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia. He asserts claims based on an alleged illegal search of his home and seizure of his property by Philadelphia police officers in December of 2020. Miller also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as time barred.

I.    FACTUAL ALLEGATIONS[1]

Miller alleges that he was arrested on December 9, 2020. (Compl. at 5.) After his arrest, members of the 26th District of the Philadelphia Police Department went to his Philadelphia home to conduct an alleged illegal search. (*Id*. at 4, 5.) The officers "broke in the front window" of his home while his fiancée, stepson, and roommate were inside. (*Id*. at 5.) They searched the home and "took items" without a warrant. (*Id*. at 4, 5.) Based on these allegations, Miller alleges violations of his constitutional rights and seeks money damages. (*Id*. at 5.)

---

[1] The facts are taken from Miller's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.    STANDARD OF REVIEW

The Court grants Miller leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Miller's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is

---

[2] Because Miller is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

required." (citations omitted)).  As Miller is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

As best as the Court can discern from the Complaint, Miller asserts Fourth Amendment claims against the City of Philadelphia.  The vehicle by which federal constitutional claims may be brought against state actors in federal court is § 1983.  Miller's claims are based on the alleged warrantless search of his home and seizure of his property by Philadelphia police officers on December 9, 2020.  However, any claims based on the search and seizure are time-barred. *See Whitenight*, 674 F. App'x at 144.  Section 1983 claims, such as those brought by Miller, are subject to the state statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, that limitations period is two years.  *See* 42 Pa. Cons. Stat. § 5524.  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations and citation omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."  *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Miller's Fourth Amendment claims accrued on December 9, 2020, the date his home was searched and property seized.  *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (stating that illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or

should have known the basis for these claims at that time."); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure").  Miller did not file this civil action until February 23, 2026,[3] more than five years after his Fourth Amendment claims accrued.  Moreover, there are no allegations in the Complaint that would support a basis for equitable tolling of the claims.  *See Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (stating that equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claims, but in the wrong forum).  Accordingly, Miller's claims are barred by the applicable two-year statute of limitations and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Miller's Complaint as time barred. Since Miller cannot cure the fact that his case is untimely, he will not be given leave to amend. A final order follows.

BY THE COURT:

 _/s/ John Milton Younge_
**JOHN MILTON YOUNGE, J.**

---

[3] A prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing.").  Miller signed his Complaint on February 23, 2026.